**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**HUGO QUENTAL BARROS**

    **Petitioner,**

v.                                                          **Case No. 6:07-cv-484-MSS-DAB**

**SECRETARY, Department of Corrections,
et al.,**

    **Respondents.**
_____/

## O R D E R

Hugo Quental Barros ("Barros") petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1) and challenges the validity of his state convictions for two counts of attempted first-degree murder with a firearm and one count of burglary of a dwelling with an assault or battery with a firearm. Barros alleges three claims of ineffective assistance of trial counsel. Respondents have filed an amended response[1] (Dkt. 13) and challenge the timeliness of Barros's petition.

## Background

On March 21, 2002, Barros was charged by Information with two counts of attempted first-degree murder, one count of attempted felony murder with a weapon and one count of burglary of a dwelling with an assault or battery with a firearm. (Dkt. 8, Ex.

---

[1] Respondents filed a response (Dkt. 6) to Barros's petition. By order entered on June 20, 2007 (Dkt. 9), this Court, citing a potential error in the Respondents' calculation of the timeliness of Barros's petition, directed the Respondents to file an amended response.

I, pp. 38-40). On October 4, 2002, the prosecution filed an amended Information (Dkt. 8, Ex. I, pp. 72-77) adding two counts of aggravated battery causing great bodily harm. Barros proceeded to a jury trial on October 11-12, 2002. The state trial judge granted (Dkt. 8, Ex. I, p. 110) Barros's motion for judgment of acquittal on the attempted felony murder charge. The jury convicted Barros of the remaining five charges. (Dkt. 8, Ex. I, pp. 99-108). On October 14, 2002, the trial judge sentenced Barros to four concurrent terms of life imprisonment for the two attempted first-degree murder convictions and the two aggravated battery convictions and a concurrent term of fifteen years imprisonment on the burglary conviction. (Dkt. 8, Ex. I, pp. 116-121). Judgment was entered on October 14, 2002. (Dkt. 8, Ex. I, pp. 114-15).

Barros timely filed his notice of direct appeal on October 15, 2002. (Dkt. 8, Ex. I, p. 130). On May 13, 2003, the state district court of appeal affirmed Barros's convictions and sentences in a *per curiam* decision without a written opinion. (Dkt. 8, Ex. VI). *See Barros v. State*, 846 So.2d 527 (Fla. 5th DCA 2003) [Table]. The mandate issued on May 30, 2003. (Dkt. 8, Ex. VII). Barros did not file a petition for writ of certiorari in the United States Supreme Court. (Dkt. 1, p. 3).

On May 12, 2004[2], Barros, proceeding *pro se*, filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850. (Dkt. 8, Ex. VIII). Thereafter, Barros filed an amended Rule 3.850 motion (Dkt. 8, Ex. IX) on May 12, 2005, and a second amendment

---

[2] For purposes of calculating the limitations period under the AEDPA, the Court will give Barros the benefit of the "mailbox rule" and consider his § 2254 petition and documents related thereto as "filed" on the date he signed and delivered them to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). The court will also give Barros the benefit of this rule with respect to his state court filings when calculating the limitations period under Section 2244(d).

2

(Dkt. 8, Ex. X) on October 10, 2005.[3] On June 16, 2006, the state court granted in part and denied in part (Dkt. 8, Ex. XIII) Barros's Rule 3.850 motion.[4] On June 30, 2006, Barros filed a motion for rehearing (Dkt. 8, Ex. XIV). The state district court of appeal denied that motion on July 19, 2006. (Dkt. 8, Ex. XV). On August 7, 2006, Barros filed his appellate brief challenging the denial of the remaining grounds of his Rule 3.850 motion. (Dkt. 8, Ex. XVI). On November 7, 2006, the state district court of appeal affirmed the denial of the remaining post-conviction claims in a *per curiam* decision without a written opinion. (Dkt. 8, Ex. XVIII); *see also Barros v. State*, 944 So.2d 374 (Fla. 5th DCA 2006) [Table]. Barros's subsequent motion for rehearing and/or clarification (Dkt. 8, Ex. XIX) was denied on November 29, 2006. (Dkt. 89, Ex, XX). The mandate issued on December 18, 2006.

Barros, proceeding *pro se*, signed and dated the instant Section 2254 petition on March 20, 2007. Upon review of the record, Barros's petition is time-barred and must be **DENIED**.

---

[3] The state court considered Barros's original and amended petitions collectively, accepting his second amended motion "as a complete and final collection" of his claims. (Dkt. 8, Ex. XIII, p. 1).

[4] The state court granted relief on ground four of Barros's Rule 3.850 motion and vacated his two convictions for aggravated battery:

Ground Four: Defendant alleges counsel failed to file a motion for discharge directed toward new charges contained in the amended information filed by the State after the speedy trial period had expired. He notes that he was arrested on march 14, 2002, and the State filed an [i]nformation on March 19, 2002, charging him with two counts of attempted first-degree murder, one count of attempted felony murder, and one count of burglary of a dwelling with an assault or battery. The amended information, which added two new charges of aggravated battery causing great bodily harm, was not filed until October 4, 2002.

The State acknowledges that this is a valid claim, and recommends an order striking the convictions and sentences on [the aggravated battery counts]. It will be so ordered. Defendant does not need to return to court, as this Order will be sufficient to make the correction. He does not seek resentencing on his other counts, nor does he have any legal basis to do so.

(Dkt. 8, Ex. XIII, p. 5).

## Standard of Review

Pursuant to 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A-D). Section 2244(d)(2) provides that periods of time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under Section 2244(d)(1). *See Artuz v. Bennett*, 531 U.S. 4 (2000). Absent demonstration of either the timeliness of a petition pursuant to Section 2244(d) or that the principle of equitable tolling applies in the particular case, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D). Because Barros's convictions were entered after the AEDPA was enacted, his petition is subject to the provisions thereof.

**Discussion**

The state district court of appeal affirmed Barros's convictions and sentences on May 13, 2003. Barros's convictions became final on August 11, 2003, when the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See* Sup. Ct. R. 13.3.[5] *See also Nix v. Sec'y, Dep't of Corr.*, 393 F.3d 1235, 1236-37 (11th Cir. 2004) (Florida prisoner's conviction "final" for AEDPA purposes when the 90-day period for seeking certiorari review in the Supreme Court expired). Barros had one year from that date, until August 11, 2004, to file a timely federal habeas corpus petition.

The limitations period was tolled when Barros filed his Rule 3.850 motion for post-conviction relief in state court on May 12, 2004. As of that date, 274 days of the limitation period had expired. The limitation period was tolled until December 18, 2006, when the state district court of appeal issued its mandate on the denial of Barros's Rule 3.850 motion. As of that date, 91 days of the limitation period remained (365 days minus 274 days elapsed and not tolled), thus giving Barros until March 19, 2007, to timely file his federal habeas petition.

Barros filed the instant Section 2254 petition on March 20, 2007, one day after the expiration of the limitation period. Barros neither demonstrates that a State created impediment prevented him from filing a timely Section 2254 petition, nor has he shown that he could not have discovered the factual predicate of his federal claims prior to March 20,

---

[5] "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, ... the time to file the petition for a writ of certiorari for all parties ... runs from the date of the denial of rehearing." Sup. Ct. R. 13.3. Barros did not file a motion for rehearing following the affirmance of his convictions and sentences on direct appeal. (Dkt. 1, p. 2).

2007, through the exercise of due diligence.[6]  *See* 28 U.S.C. § 2244(d)(1)(B), (D). Consequently, the instant petition is time-barred pursuant to the AEDPA's one-year limitation period unless Barros can demonstrate entitlement to equitable tolling.

Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). The Eleventh Circuit has emphasized that "equitable tolling applies only in truly extraordinary circumstances." *Johnson v. United States*, 340 F.3d at 1226 (citing *Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d at 1286.

---

[6]  Barros erroneously contends that the one-year limitation period for timely filing a federal habeas petition begins to run from the date of the issuance of the mandate on the appeal of the denial of his Rule 3.850 motion. *See* Sup. Ct. R. 13.3  In his reply (Dkt. 19), Barros argues that the decisions in *Burton v. Stewart*, 549 U.S. 147 (2007), and *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286 (11th Cir. 2007), control the timeliness of his federal habeas petition. In *Burton*, the Supreme Court concluded that the petitioner's limitations period for filing a Section 2254 petition did not commence until both his conviction and sentence were final by the conclusion of direct review or the expiration of the time for seeking such review. *Burton v. Stewart*, 549 U.S. at 799. In *Ferreira*, the Eleventh Circuit considered whether the petitioner's original conviction triggered the running of the AEDPA's statute of limitations or whether the running of the statute was triggered by the petitioner's resentencing, when the habeas petition challenged only the original conviction. *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d at 1292. Applying *Burton*, the Eleventh Circuit held that "AEDPA's statute of limitations runs from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction *and* sentence the petitioner is serving becomes final." *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d at 1288 (emphasis original). Barros's reliance on *Ferreira* is misplaced because *Ferreira* involved a corrected sentence. Barros is confined pursuant to the original sentences imposed following his convictions for the two counts of attempted first-degree murder and the burglary of a dwelling with an assault or battery with a firearm. Consequently, the limitation period for AEDPA purposes began to run when Barros's convictions became final on direct review upon the expiration of the 90-day period for seeking certiorari in the Supreme Court, not when the mandate affirming the denial of relief on his Rule 3.850 motion issued.

In his reply to Respondent's response, Barros asserts that his federal habeas petition should be considered timely. Barros does not, however, contend that he is entitled to equitable tolling, nor does he contend that any extraordinary circumstances existed that caused him to calculate erroneously the expiration of the limitation period for timely filing a federal habeas petition through the exercise of due diligence. Thus, there is no basis upon which Barros is entitled to equitable tolling.

Accordingly, the Court orders:

That Barros's petition for a writ of habeas corpus (Dkt. 1) is **DENIED** with prejudice as time-barred. The clerk shall enter a judgment against Barros and close this action.

ORDERED in Orlando, Florida, on this 23rd day of March 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE